**RECORD NO. 14-4620**

# IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ANTHONY WATSON,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT NORTH CAROLINA
AT CHARLOTTE

**OPENING BRIEF OF APPELLANT
ANTHONY WATSON**

Arza Feldman
FELDMAN and FELDMAN
Attorneys at Law
626 Reckson Plaza
West Tower, Sixth Floor
Uniondale, New York 11556
(516) 522-2828
reversalzz@aol.com

*Counsel for Appellant*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

<u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . i

STATEMENT OF SUBJECT MATTER
    AND APPELLATE JURISDICTION . . . . . . . . . . . . . 1

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

POINT I:

    WHERE THE DISTRICT COURT FAILED TO
    ASK APPELLANT A SINGLE QUESTION
    ABOUT THE APPELLATE WAIVER, THE
    RECORD IS INSUFFICIENT TO ESTABLISH
    THAT IT IS KNOWING, INTELLIGENT AND
    VOLUNTARY, HENCE RENDERING IT
    UNENFORCEABLE . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

POINT II:

    OVER OBJECTION, THE DISTRICT COURT
    FAILED TO EVALUATE THE OVERALL
    CIRCUMSTANCES OF THE BANK ROBBERIES
    TO DETERMINE WHETHER A REASONABLE
    TELLER WOULD HAVE PERCEIVED A
    THREAT OF DEATH, AND THUS IMPOSED
    THE ENHANCEMENT UNDER U.S.S.G. §
    2B3.1(B)(2)(F) AS A MATTER OF COURSE,
    NOTWITHSTANDING MITIGATING
    CIRCUMSTANCES THAT DEFENDANT NEVER

THREATENED ANYONE, AND, IN FACT, COMMITTED TWO OF FOUR BANK ROBBERIES BY SIMPLY MAKING A DEMAND FOR CASH . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION:

APPELLANT'S SENTENCE SHOULD BE VACATED AND REMANDED . . . . . . . . . . . . . . . 27

REQUEST FOR ORAL ARGUMENT . . . . . . . . . . . . . . . . . 28

CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITS PURSUANT TO FRAP 32(A)(7)(c) . . . . . . . . . . . . 29

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . 30

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586,
169 L. Ed. 2d 445 (2007) . . . . . . . . . . . . . . . . . . . . . . 13

*Puckett v. United States*, 556 U.S. 129, 129 S. Ct.
1423, 173 L. Ed. 2d 266 (2009) . . . . . . . . . . . . . . . . 22

*United States v. Amaya-Portillo*, 423 F.3d 427
(4th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Blick*, 408 F.3d 162 (4th Cir. 2005) . . . . . . 7

*United States v. Clark*, 434 F.3d 684 (4th Cir. 2006) . . . . . . 14

*United States v. Del Carmen Gomez*, 690 F.3d 194
(4th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*United States v. Franks*, 183 F.3d 335 (4th Cir. 1999) . . 14, 17

*United States v. General*, 278 F.3d 389 (4th Cir. 2002) . . 8, 11

*United States v. Gomez-Jimenez*, 750 F.3d 370
(4th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*United States v. Jennings*, 439 F.3d 604 (9th Cir. 2006)      18, 20

*United States v. Johnson*, 410 F.3d 137 (4th Cir. 2005) . . . . . 8

*United States v. Llamas*, 599 F.3d 381 (4th Cir. 2010) . . . . . 14

*United States v. Manigan*, 592 F.3d 621 (4th Cir. 2010) . 9, 12

*United States v. Marin*, 961 F.2d 493 (4th Cir. 1992) . . . . . . 7

i

*United States v. Mendoza-Mendoza*, 597 F.3d 212
(4th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*United States v. Montes-Pineda*, 445 F.3d 375
(4th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*United States v. Moussaoui*, 591 F.3d 263
(4th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*United States v. Ramos*, 71 F.3d 1150 (5th Cir. 1995) . . . . . 22

*United States v. Robinson*, 460 F.3d 550
(4th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Savillon-Matute*, 636 F.3d 119
(4th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . 21, 22, 23, 24

*United States v. Sosa-Carabantes*, 561 F.3d 256
(4th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Wiggins*, 905 F.2d 51 (4th Cir. 1990) . . . . . . 7

*United States v. Wooten*, 689 F.3d 570 (6th Cir. 2012) . 18, 19

## FEDERAL STATUTES

18 U.S.C. § 922(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

18 U.S.C. §2113(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 19

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 26

18 U.S.C. § 3742 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. § 3742(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rule of Criminal Procedure 11 . . . . . . . . . . . . . . 8, 9

Federal Rule of Criminal Procedure 52(a) . . . . . . . . . . . . . 14

U.S.S.G. § 2B3.1 . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 13, 16, 19

## UNREPORTED CASES

*United States v. Kwang Hee Kim*, 539 Fed. Appx. 171
    (4th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Lucas*, 542 Fed. Appx. 283
    (4th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*United States v. Partman*, 568 Fed. Appx. 205
    (4th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Powell*, 523 Fed. Appx. 967
    (4th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*United States v. Robinson*, 486 Fed. Appx. 357
    (4th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Rucker*, 395 Fed. Appx. 970
    (4th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

STATEMENT OF SUBJECT MATTER
AND APPELLATE JURISDICTION

1. The basis for subject matter jurisdiction in the District Court was 18 U.S.C. § 3231.

2. The basis for jurisdiction in the Court of Appeals is 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

3. The district court entered judgment on August 8, 2014, and a notice of appeal was filed on August 6, 2014, making this appeal timely.

4. This appeal is from a final judgment that disposes of all claims with respect to Anthony Watson.

STATEMENT OF ISSUES

1. Where the district court failed to ask Appellant a single question about the appellate waiver, is the record insufficient to establish that it is knowing, intelligent and voluntary, hence rendering it unenforceable?

2. Over objection, did the district court fail to evaluate the overall circumstances of the bank robberies to determine whether a reasonable teller would have perceived a threat of death, such that a threat of death enhancement, under U.S.S.G. § 2B3.1(b)(2)(F), was justified?

<u>STATEMENT OF THE CASE</u>

Appellant, Anthony Watson, appeals from a plea of guilty, entered on April 10, 2013, in the United States District Court for the Western District of North Carolina (Hon. Max O. Cogburn), to four counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), together with a sentence of 235 months' imprisonment.

3

## STATEMENT OF FACTS

On April 10, 2013, Appellant, Anthony Watson, pleaded guilty to four counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (J.A. 14-15).

Magistrate Judge David S. Cayer asked Appellant if he had waived his right to appeal in his plea agreement (J.A. 21). He said he had (J.A. 21). The Court then asked: "Has anyone threatened, intimidated, or forced you to enter a guilty plea today?" Appellant said no (J.A. 22).

Appellant was sentenced before Judge Max O. Cogburn, Jr., on July 1, 2014. After noting that Appellant already received a four level enhancement for possessing a firearm during the bank robbery, defense counsel objected to another two-level enhancement for a threat of death (J.A. 29). She reasoned that " ... possession of a firearm without more is insufficient to satisfy that enhancement" (J.A. 29). When the Government argued that, in one bank robbery, Appellant showed the handle of a sawed-off

4

rifle, counsel replied that " ... saying 'I have a gun is [in]sufficient [too]" (J.A. 31).

At the June 11, 2012 SunTrust bank robbery, Appellant said he wanted "all the money" (J.A. 67); at the July 20, 2012 BB&T robbery, he demanded "all the money" (J.A. 67-68); at the July 30, 2012 BB&T robbery, he said he "had a gun" and demanded "all the money (J.A. 68) and, at the August 3, 2012 BB&T bank robbery, he "revealed the handle of what appeared to be" a .22 caliber rifle, and demanded "everything" (J.A. 68).

The Court believed this rose to the level of a death threat, reasoning that "[w]hen you take a gun in, you are threatening their life to get the money" (J.A. 33). It thus imposed four points for having a gun, and two points for threatening death J.A. 33).

Defense counsel said the ruling might not affect the Guideline range (J.A. 33), but then argued that the Court should impose the " ... mandatory minimum sentence of 180 months, which is 15 years even," rather than the Guideline maximum of 235 months (J.A. 34). Again, the Court disagreed, and imposed a term of 235 months' imprisonment (J.A. 48-49).

5

## SUMMARY OF ARGUMENT

Anthony Watson's appellate waiver is unenforceable because the district court never asked him any questions to establish that it was entered knowingly, intelligently and voluntarily.

On the merits, his sentence should be vacated and remanded because, over objection, the district court imposed a threat of death enhancement, under U.S.S.G. § 2B3.1(B)(2)(F), simply because Appellant was armed in two of the four bank robberies, without first evaluating the overall circumstances of the bank robberies to determine whether a reasonable teller actually perceived a threat of death.

6

<u>ARGUMENT</u>

<u>POINT I</u>

WHERE THE DISTRICT COURT FAILED TO
ASK APPELLANT A SINGLE QUESTION
ABOUT THE APPELLATE WAIVER, THE
RECORD IS INSUFFICIENT TO ESTABLISH
THAT IT IS KNOWING, INTELLIGENT AND
VOLUNTARY, HENCE RENDERING IT
UNENFORCEABLE.

Upon entering a plea of guilty, the Magistrate Judge, David

S. Cayer did not ask Appellant a single substantive question about

his appellate waiver. Instead, he only asked if he had waived his

right to appeal in his plea agreement (J.A. 21). He said he had

(J.A. 21). Absent any other reference to the waiver, there is no

evidence in the record that this was a knowing, intelligent and

voluntary appellate waiver. It is, therefore, unenforceable.

This Court reviews a defendant's waiver of appellate rights

*de novo*. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005).

*United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

Clearly, a defendant may, in a valid plea agreement, waive

the right to appeal under 18 U.S.C. § 3742 (2006). *United States*

*v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). Yet the waiver will

7

only be enforced " ... if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." *United States v. Amaya-Portillo*, 423 F.3d 427, 430 (4th Cir. 2005)(internal quotation marks omitted).

To determine whether the waiver is knowing and intelligent, this Court analyzes "the totality of the circumstances, including the experience and conduct of the accused, as well as [his] educational background and familiarity with the terms of the plea agreement." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002)(internal quotation marks omitted). Generally, if the district court fully questions the defendant about the waiver during the Federal Rule of Criminal Procedure 11 plea colloquy,[1] the waiver will be deemed valid and enforceable. *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Robinson*, 486 Fed. Appx. 357 (4th Cir. 2012)("if the district court

---

[1]. Rule 11(b)(1)(N) provides that, before accepting a defendant's guilty plea, the court "must address the defendant personally in open court" and "inform [him] of, and determine that [he] understands, the following: ... (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."

8

fully questions the defendant about the waiver during the Federal Rule of Criminal Procedure 11 plea colloquy, the waiver is valid and enforceable.").

Here, the waiver is invalid for numerous reasons. First, the district court never questioned Appellant--fully or otherwise--about the appellate waiver. Indeed, other than asking Appellant if he signed a plea agreement with an appellate waiver, it failed to ask him a single question about the waiver itself. *Compare United States v. Moussaoui*, 591 F.3d 263, 294 (4th Cir. 2010)("We also find significant the extensive discussion regarding Moussaoui's waiver of appellate rights ....).

There is, therefore, no reasonable way for this Court to divine if Watson understood the import of the waiver. *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010)("the court never ... questioned Manigan on [the waiver].").

Second, Appellant, an 11th grade dropout (J.A. 82), was not a sophisticated layperson, who could understand the legal nuances of legal terms of art such as "waivers" and "appellate rights," regardless of his criminal record. Faced with these facts,

9

the district court should have taken special care to fully explain, in great detail, the appellate waiver, so the defendant could understand the vital rights he was waiving.

Third, even though the district court told Appellant he was waiving his right to appeal, it never explained, in lay terms, what a waiver meant. For example, the court never told him that he would not be allowed to have a higher court review whether the lower court was wrong. Nor did it explain to him that its decision on either the death-threat enhancement or the length of the sentence was final.

Fourth, the district court never asked the defendant what *he* understood the waiver to mean, in his own words. *Compare Moussaoui*, 591 F.3d at 294 (" ...Moussaoui confirmed his understanding that a guilty plea precluded his raising constitutional arguments on appeal.").

Fifth, the district court never asked if the appellate waiver was voluntary or coerced. Hence, it cannot be known if the appellate waiver was voluntary. Critically, while the Magistrate

asked the defendant if his plea had been coerced (J.A. 22), it never asked if his waiver had been coerced.

Sixth, the court never asked defense counsel if he had discussed the appeal waiver with Watson, or confirmed with counsel, that he understood its meaning. Nor did the court ask the defendant if he had conferred with counsel about the waiver. As a result, it cannot be determined that the waiver was intelligent.

Seventh, and finally, the district court never asked the defendant if he had read, let alone understood, the appellate waiver provisions in the plea agreement.

While a district court's failure to abide strictly by the requirements of Rule 11 will not render an appeal waiver unenforceable if the record indicates that the defendant otherwise understood its significance, *United States v. General*, 278 F.3d 389, 400-01 (4th Cir. 2002), here, the record is silent on that issue. The district court only asked him if he signed the plea agreement with the waiver--not whether he understood its significance.

On all of these facts, it cannot be said, with any requisite degree of assurance, that Appellant's surrender of his appellate

11

rights was sufficiently informed. The Court should thus reach Watson's sentencing claim on the merits. *Manigan*, 592 F.3d at 628 ("Simply put, we are unable in these circumstances to enforce the appellate waiver"); *United States v. Rucker*, 395 Fed. Appx. 970, 972 n.1 (4th Cir. 2010)("We note that Rucker's plea agreement contained an appellate waiver. The Government concedes, however, that the district court did not address the waiver with Rucker during his Rule 11 colloquy and, in fact, suggested to Rucker that he could appeal. Accordingly, the Government concedes that the waiver is unenforceable and we may proceed to the merits of Rucker's appeal.").

POINT II

OVER OBJECTION, THE DISTRICT COURT FAILED TO EVALUATE THE OVERALL CIRCUMSTANCES OF THE BANK ROBBERIES TO DETERMINE WHETHER A REASONABLE TELLER WOULD HAVE PERCEIVED A THREAT OF DEATH, AND THUS IMPOSED THE ENHANCEMENT UNDER U.S.S.G. § 2B3.1(B)(2)(F) AS A MATTER OF COURSE, NOTWITHSTANDING MITIGATING CIRCUMSTANCES THAT DEFENDANT NEVER THREATENED ANYONE, AND, IN FACT, COMMITTED TWO OF FOUR BANK ROBBERIES BY SIMPLY MAKING A DEMAND FOR CASH.

At sentence, defense counsel, Erin Taylor, argued that the threat-of-death enhancement, pursuant to U.S.S.G. § 2B3.1(b)(2)(f), was, on the facts of this case, improper. She was correct.

This Court reviews a sentence for procedural and substantive reasonableness, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). The miscalculation of the Guidelines range is a significant procedural error. *Id*. at 51. This court reviews "*de novo* the district court's legal interpretation of guidelines terminology

13

and its application of the guidelines to a known set of facts."
*United States v. Franks*, 183 F.3d 335, 337 (4th Cir. 1999). It
reviews the district court's factual findings for clear error. *United
States v. Llamas*, 599 F.3d 381, 387 (4th Cir. 2010). Here, there
was clear error.

The Error is Preserved

As a preliminary matter, defense counsel preserved this
issue for appellate review by interposing a timely and specific
objection at sentence. This Court, therefore, reviews the error for
harmless rather than plain error. *United States v. Robinson*, 460
F.3d 550, 557 (4th Cir. 2006)(when an appellant properly
preserved an error, "we are obliged to apply the 'harmless error'
standard provided by Federal Rule of Criminal Procedure
52(a)."). *See also United States v. Sosa-Carabantes*, 561 F.3d
256, 259 n.6 (4th Cir. 2009)(noting plain-error review would apply
to objection to application of Guidelines enhancement if not made
before the district court, but finding objection preserved); *United
States v. Clark*, 434 F.3d 684, 686 n.1 (4th Cir. 2006)(noting
plain-error review would apply to objection to district court's

14

failure to consider §3553 sentencing factor if not made before the district court, but finding objection preserved).

<u>The District Court Erred</u>

At sentence, defense counsel correctly argued that a bank robber's mere demand for money, as in two of the bank robberies, was insufficient, without more, to automatically give rise to the death-threat enhancement (J.A. 39, 31). She was correct.

None of the facts before the sentencing court indicated Appellant made any physical threats--let alone death threats. At the June 11, 2012 SunTrust bank robbery, he said he wanted "all the money" (J.A. 67); at the July 20, 2012 BB&T robbery, he demanded "all the money" (J.A. 67-68); at the July 30, 2012 BB&T robbery, he said he "had a gun" and demanded "all the money (J.A. 68) and, at the August 3, 2012 BB&T bank robbery, he "revealed the handle of what appeared to be" a .22 caliber rifle, and demanded "everything" (J.A. 68).

Yet none of these robberies turned on an additional threat of death, either in words or gestures. Nor did Appellant say or

15

imply that, unless his demands for cash were met, he would kill the tellers.

Trial counsel's position is supported by the plain language of U.S.S.G. § 2B3.1(B)(2)(F), which provides that, "if a *threat of death* [is] made, increase by 2 levels" (emphasis added). "A threat of death," as used in subsection (b)(2)(F), means " ... an oral or written statement, act, gesture, or combination thereof." 18 U.S.C.S. Appx § 2B3.1(b)(2)(F)(6). None of that is present here.

Clearly, " ... the defendant does not have to state expressly his intent to kill the victim in order for the enhancement to apply. For example, an oral or written demand using words such as 'Give me the money or I will kill you', [sic] 'Give me the money or I will pull the pin on the grenade I have in my pocket', [sic] 'Give me the money or I will shoot you', [sic] 'Give me your money or else (where the defendant draws his hand across his throat in a slashing motion)', [sic] or 'Give me the money or you are dead' would constitute a threat of death." *Id*. Here, however, the record is silent on any of these types of statements or gestures.

Notably, "[t]he court should [also] consider that the intent

16

of this provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death." *Id*. Here, however, no reasonable teller could have feared death because Appellant never said he would kill any of them, he never pointed his gun at them, and he never made any gestures. The tellers had to recognize that these robberies had everything to do with "take the money and run" and nothing to do with "your money or your life."

Of course, this Court, in *United States v. Franks*, 183 F.3d 335, 337 (4th Cir. 1999), affirmed an enhancement for a threat of death based on a bank robber's note that stated, "You don't have to give me all your cash. No dye packs. I have a gun. I have nothing to lose." The court noted that a threat to shoot a teller is a threat of death, and concluded that the note in question "can only be meant to indicate that Franks is both armed and prepared to use his gun." *Id*. at 338. Here, in contrast, Appellant never said he had a gun in two bank robberies, and simply demanded money. In the other two bank robberies, he either said he had or showed

17

a gun, but never used any words or gestures, like the "nothing to lose" remark in *Franks*, to indicate he was prepared to immediately resort to violence unless his demands were met.

Undoubtedly, courts reviewing a threat of death enhancement have uniformly concluded that a robber's statement that he has a gun can justify the enhancement. *United States v. Jennings*, 439 F.3d 604, 610-11 (9th Cir. 2006)(collecting cases). That, however, is irrelevant here. Even though defense counsel explained that mitigating circumstances were present, and that Appellant had no intent to threaten any teller with death, the court failed to " ... evaluate the overall circumstances of [each] robbery to determine whether a reasonable teller in that particular scenario would have perceived a threat of death." *United States v. Wooten*, 689 F.3d 570, 575 (6th Cir. 2012). This Court follows the identical rule. *See United States v. Powell*, 523 Fed. Appx. 967, 968 (4th Cir. 2014)(" ... if mitigating circumstances are present, 'the court must ... evaluate the overall circumstances of the robbery to determine whether a reasonable teller in that particular scenario would have perceived a threat of death.'").

18

Instead of fulfilling its obligation to inquire, the district court simply found, as a general--and incorrect rule--that anytime " ... you take a gun in, you are threatening their life to get the money" (J.A. 33).

The district court thereby ignored that, in two of the four bank robberies, Appellant never even said he had a gun, and thus could not have threatened the life of anyone. Even where he did say or show he had a gun, there is no evidence on whether his conduct and demeanor were so nonthreatening as to vitiate a threat of death enhancement. *Compare United States v. Wooten*, 689 F.3d 570, 527 (6th Cir. 2012)(Court vacated and remanded Appellant's sentence because the district court imposed a two-level sentencing enhancement pursuant to § 2B3.1(b)(2)(F) in a bank robbery prosecution under 18 U.S.C. § 2113(a) simply because he said, "I have a gun," even though " ... his conduct and demeanor were so nonthreatening as to eliminate the possibility that any reasonable teller under the circumstances would have believed his or her life to be in danger.").

19

While the test is an objective one--whether the defendant's statement would "instill a fear of death in a reasonable victim--not the reaction of the particular teller," *United States v. Powell*, 523 Fed. Appx. 967, 968 (4th Cir. 2013)(*quoting United States v. Jennings*, 439 F.3d 604, 613 (9th Cir. 2006)), here, the government adduced no proof to support this enhancement. It did not call any tellers at the sentencing hearing, introduce their affidavits, or even adduce their statements to the FBI. The record is thus barren of any claim they felt the same way as the teller in *Wooten*. In that case, the Sixth Circuit, citing the testimony of the teller, Buddy Mason, underscored why an automatic finding is incorrect, when it wrote that the defendant

> walked 'casually' into the bank and approached the teller row. Wooten, who was fifty-six years old at the time, wore ordinary clothing and appeared to Mason to be a routine customer. After entering, Wooten strolled over and placed one hand on the counter. According to Mason, Wooten was 'not looking around or fidgeting or looking at anything' and his demeanor was 'nonchalant.' After motioning for Mason to lean in closer, Wooten 'kind of whispered and said, I am going to rob you.' Mason at first thought Wooten was 'joking around.' Indeed, Mason recalled that he was 'not taking [the robbery] very seriously because [Wooten] was just so

20

> nonthreatening.' With prompting from Mason, Wooten repeated the statement 'I am going to rob you,' and Mason again questioned the sincerity of Wooten's request. At that point, Wooten 'kind of got a serious look in his face' and said, 'I have a gun, I want your money' (internal references to sentencing transcript omitted).

Reversal is thus required because the district court failed to evaluate the overall circumstances of the bank robberies to determine whether a reasonable teller would have perceived a threat of death. Rather, it automatically assumed this was the case, without regard to the actual facts.

<u>The Error was not Harmless</u>

The district court's improper threat of death enhancement was not harmless. That error, in fact, affected the outcome of the district court proceedings, by potentially resulting in a lengthier sentence. Defense counsel requested a sentence of 180 months (J.A. 34), yet the Court imposed a term of 235 months' imprisonment (J.A. 48-49)--or another 55 months' imprisonment.

In *United States v. Savillon-Matute*, 636 F.3d 119, 123-24 (4th Cir. 2011), this Court held that "'procedural errors at sentencing ... are routinely subject to harmlessness review'"

21

(*quoting Puckett v. United States*, 556 U.S. 129, 141, 129 S. Ct. 1423, 173 L. Ed. 2d 266 (2009)). A Guidelines error is considered harmless if this Court determines that (1) "the district court would have reached the same result even if it had decided the guidelines issue the other way," and (2) "the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." *Savillon-Matut*e, 636 F.3d at 123.

Here, it cannot be divined from this record whether the district court would have reached the same result had it not considered the improper enhancement. Had the Court declined to impose the enhancement, it might have imposed a guideline sentence that was far less than 235 months. Because the enhancement might have affected the ultimate sentence, it was harmful, rather than harmless.[2]

---

[2]. Even if defense counsel was correct, that the enhancement might not affect the Guideline range itself (Sentence: 9), that is irrelevant on the facts of this case, because, if the court believed Appellant intended to threaten tellers with death then, logically, it may have imposed a sentence at the top, rather than the bottom, of the range. *Compare United States v. Ramos*, 71 F.3d 1150, 1158 n.27 (5th Cir. 1995)(recognizing that any error in applying a two-point enhancement would have been harmless because the defendant would have received the same

22

Significantly, the district court did not give an alternative, substantive basis for a sentence, without the enhancement. *United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011) (holding that when a district court gives an alternative, substantive basis for a sentence, it is reviewed for abuse of discretion, and if it is found to be reasonable, then any remaining, alleged procedural errors are presumed to be harmless).

Nor did the court say it would impose the same sentence regardless of the enhancement. *United States v. Partman*, 568 Fed. Appx. 205 (4th Cir. 2014)("... the government contends that if there was any error it was harmless because the district court explicitly stated that it would have given Partman the same sentence if the enhancement had not applied")*; United States v. Kwang Hee Kim*, 539 Fed. Appx. 171, 175 (4th Cir. 2013)("We need not resolve the merits of Kim's argument, however, because any error committed by the district court in imposing the enhancement was harmless. The court stated that its decision to

---

Guidelines range of 360 months to life without the enhancement, and the defendant received the minimum sentence of 360 months).

23

sentence Kim to 60 months' imprisonment did not depend on the correctness of the two-level enhancement, and the court noted that it would select the very same sentence were we to hold that the enhancement did not apply"); *United States v. Lucas*, 542 Fed. Appx. 283, 288 n. 4 (4th Cir. 2013)("The district court also made clear its intent to impose 'the exact same sentence on each of the[] counts' in light of the factors enumerated in 18 U.S.C. § 3553(a). We find no abuse of discretion in the district court's alternative sentence. As a result, any error the district court may have committed in imposing the § 2K2.1 enhancement was harmless")(internal citation to record omitted).[3]

Of course, there is no requirement that a district court "specifically state that it would give the same sentence absent the [enhancement]" *Savillon-Matute*, 636 F.3d at 124, yet the extant

---

[3]. Even if the district court had said the sentence would have been the same with the enhancement, it would not automatically result in harmless error. *See United States v. Gomez-Jimenez*, 750 F.3d 370, 391 (4th Cir. 2014)(Gregory, J., dissenting)("Courts could apply any number of enhancements to justify reaching the sentence they desire, then use this Court's harmless error jurisprudence to prompt us to uphold a sentence that otherwise lacks a sufficient justification.").

24

record fails to provide this Court with knowledge that the district court would have reached the same result, even if it had decided the Guidelines issue the other way.

While the district court relied on the 3553(a) factors, that too is not enough to claim that the error was harmless. *United States v. Del Carmen Gomez*, 690 F.3d 194, 203 (4th Cir. 2012)("the government maintains that, even if the district court erred in its determination of Gomez's Guidelines range, the error was harmless because the district court's imposition of the enhancement did not affect Gomez's ultimate sentence. The government contends that '[b]ecause the court arrived at the 24-month sentence purely through reference to the section 3553(a) factors (especially deterrence), a remand to recalculate the advisory [G]uidelines range would be a pointless exercise.' We are unconvinced.").

While a within-Guidelines sentence is presumed to be reasonable, *see United States v. Mendoza-Mendoza*, 597 F.3d 212, 217 (4th Cir. 2010), and the presumption is rebutted only by a showing "that the sentence is unreasonable when measured

25

against the [18 U.S.C.] § 3553(a) factors," *United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006)(internal quotation marks omitted), here, there are facts in the record that are sufficient to rebut that presumption. Contrary to the district court's belief, there is no evidence in this record that, simply by carrying a weapon in two of the four bank robberies, Appellant made threats of death to any teller.

Because this could have influenced the district court's decision to impose a sentence at the high rather than low end of the Guideline range, the enhancement was not harmless, and, therefore, the sentence should be vacated and remanded.

26

<u>CONCLUSION</u>

APPELLANT'S SENTENCE SHOULD BE VACATED AND REMANDED.


Dated: October 9, 2014
      Uniondale, New York



                         */s/ Arza Feldman*
                         Arza Feldman
                         Feldman & Feldman

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

═══════════════════════════════

UNITED STATES OF AMERICA,

      *Plaintiff-Appellee,*

   *v.*

ANTHONY WATSON,

      *Defendant-Appellant.*

═══════════════════════════════

<u>REQUEST FOR ORAL ARGUMENT</u>

    Appellant will either orally argue or waive oral argument at the pleasure of the Court.


                    */s/ Arza Feldman*
                    Arza Feldman

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

       *Plaintiff-Appellee,*

    *v.*

ANTHONY WATSON,

       *Defendant-Appellant.*

CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND
<u>LENGTH LIMITS PURSUANT TO FRAP 32(A)(7)(c)</u>

    I, Arza Feldman, hereby certify that, pursuant to Rule 32 of the Federal Rules of Appellate Procedure, while this brief exceeds 30 pages, it does not exceed 1,300 lines or 14,000 words. Instead, it contains 31 pages, 530 lines and 4,485 words.

         <u>*/s/ Arza Feldman*</u>
         Arza Feldman

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

          -v-                                    CERTIFICATE
                                                 OF SERVICE

ANTHONY WATSON,
                    *Defendant-Appellant.*

_____

      I affirm, under penalties of perjury, that, on October 9 2014,

I have electronically filed this Opening Brief of Appellant using

the Court CM/ECF system which will send notification of such

filing to the following counsel:

Amy Elizabeth Ray,
United States Attorney
100 Otis Street,
Asheville, NC 28801

Defendant (served by mail, October 9, 2014):
Anthony Watson, 419100
Mecklenburg County Jail,
P.O. Box 34429,
Charlotte, NC 28234

                  */s/ Arza Feldman*
                  Arza Feldman
                  Attorney for Appellant